UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYMME HOGUE, | ) |
| Petitioner, | ) |
| v. | ) No. 05-2110 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION**

On April 21, 2005, Petitioner Hymme Hogue filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). The United States of America submitted a Response (#3) on June 6, 2005. On June 24, 2005, Petitioner filed a Motion for Extension of Time to File Reply (#4). The court granted Petitioner leave to file a reply by August 8, 2005, but no reply was received by the court. For the following reasons, the Motion is

DENIED.BACKGROUND

On February 7, 2003, in the United States District Court for the Central District of Illinois, Petitioner was charged by indictment with one count of possession of a firearm by a felon. On May 8, 2003, Petitioner pleaded guilty to the charge. On October 17, 2003, this Court sentenced Petitioner to eighty-seven months' imprisonment. On October 23, 2003, Petitioner filed a notice of appeal, and on June 24, 2004, the United States Court of Appeals for the Seventh Circuit dismissed the appeal finding all issues raised by Petitioner to be frivolous. On May 6, 2005, Petitioner filed

a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner claims habeas relief should be granted based on (1) ineffective assistance of counsel, (2) lack of federal jurisdiction, and (3) invalid court proceedings.

## ANALYSIS

28 U.S.C. § 2255 provides habeas relief if the court finds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Seventh Circuit has stated, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." Prewitt v. U.S., 83 F.3d 812, 816 (7th Cir. 1996). Further, "[a] section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." Daniels v. U.S., 26 F.3d 706, 711 (7th Cir. 1994).

Petitioner first claims that his Motion should be granted due to ineffective assistance of counsel. Specifically, Petitioner argues his defense attorney erred by not entering medical records on his behalf, and by failing to present an adversarial defense or make a mitigation plea at sentencing. Petitioner did not raise any of these issues on direct appeal and therefore, they are "barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt, 83 F.3d at 816. The Seventh Circuit has held that being represented by the same counsel at both initial and appellate proceedings is sufficient to show good cause for not raising the ineffective assistance of counsel claim on appeal. Prewitt, 83 F.3d at 816. Petitioner was represented by the same counsel at his change of plea hearing, his sentencing hearing, and on appeal, thereby satisfying the good cause requirement.

However, Petitioner has failed to establish prejudice or a fundamental miscarriage of justice resulting from this purported ineffective assistance of counsel.

Petitioner's allegation of failure to enter pertinent medical records is entirely unsupported. Petitioner offers no records, documentation, or description of any medical records, and certainly none that would have illustrated his mental incapacity to answer to the charges against him. Furthermore, the record clearly and unambiguously reflects a thorough examination of the Petitioner by the Court at his change of plea hearing, including detailed questions and answers regarding Petitioner's mental condition and medical history. Therefore, the only evidence this Court has before it regarding Petitioner's mental state suggests Petitioner was perfectly competent to answer to the charges against him. Further, Petitioner has offered no evidence regarding any medical records that would suggest to the Court that his mental capacity is, or was, an issue, and therefore, has shown no prejudice resulting from their absence from the proceedings.

Petitioner's claims regarding a lack of an adversarial defense and mitigation plea are similarly unsupported. Petitioner changed his plea to guilty and does not assert that this plea was coerced, involuntary, or against his will. By pleading guilty the only proceedings for which Petitioner could allege a lack of an adversarial defense or failure to make a mitigation plea are his change of plea and sentencing hearings. Petitioner offers no support for his claim that his counsel's representation was unsatisfactory. In fact, contrary to Petitioner's claim, his attorney argued in the adversarial setting for a downward departure in Petitioner's sentence. The standard for judging attorney conduct under claims of ineffective assistance of counsel is clear; "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Petitioner makes no showing that his counsel's

representation fell below the objective standard of reasonableness and the record reflects competent advocacy on her part. The Seventh Circuit has unambiguously stated, "[a] petitioner under 2255 must set forth facts as distinguished from m[e]re conclusion[s]" and, "a Petitioner's allegation supported only by his own assertions are not sufficient." U.S. v. Mathison, 256 F.2d 803, 805 (7th Cir. 1958). As Petitioner has provided nothing more than unsupported allegations and conclusory claims, his ineffective assistance of counsel claim must fail.

Finally, Petitioner claims that there was no federal jurisdiction in this case and that the court proceedings were invalid. However, unlike the ineffective assistance of counsel claim, Petitioner has made no showing of good cause for failure to raise these claims on direct appeal. Further, Petitioner has not shown, nor even argued that refusal to consider these claims would result in a fundamental miscarriage of justice. Therefore, these latter claims are barred from collateral review. Prewitt, 83 F.3d at 816.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(2) This case is terminated.

ENTERED this 26th day of August, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE